# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**LARRY HOPKINS**                                                                        **PLAINTIFF**

    **V.**                                                             **CAUSE NO: 1:05-cv-276-EMB**

**THE COMMISSIONER OF SOCIAL SECURITY**                      **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, Larry Hopkins, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of an unfavorable final decision of the Commissioner of the Social Security Administration (the "Commissioner"), regarding his applications for disability benefits under Title II and Supplemental Security Income ("SSI") under Title XVI. The parties have consented to entry of final judgment by the undersigned United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having duly considered the briefs of the parties, the administrative record and the applicable law, the Court rules as follows.

## Administrative Proceedings

Plaintiff protectively filed an application for disability benefits under Title II on July 28, 2003, alleging a disability onset date of May 21, 2003 (Tr. 53-55). An application for SSI was filed on August 8, 2003, but was not available for inclusion in the administrative transcript. The applications were denied initially and on reconsideration (Tr. 36-46).

In a hearing decision dated May 3, 2005, an administrative law judge ("ALJ") found that Plaintiff was not disabled as defined in the Act (Tr. 18-24). The ALJ's hearing decision became perfected as the final decision of the Commissioner when the Appeals Council denied Plaintiff's

request for review on October 7, 2005 (Tr. 5-7). The ALJ's final hearing decision is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

## Facts

Plaintiff was born July 29, 1951 (Tr. 53) and was 53 years of age at the time of the hearing decision on May 3, 2003 (Tr. 24). The highest grade of school he completed was tenth grade (Tr. 89). Plaintiff previously worked as a mechanic in a school system bus shop (Tr. 85). He alleged he could no longer work due to back problems, diabetes, and high blood pressure (Tr. 84). However, after review and evaluation of the medical evidence of record, the subjective testimony at the hearing (Tr. 254-58) and the testimony of a vocational expert ("VE") (Tr. 258-66), the ALJ found Plaintiff was not disabled as defined by the Act (Tr. 18-24). Contrary to Plaintiff's allegation of disability, the ALJ found he had the residual functional capacity ("RFC") to perform a significant range of sedentary work activity (Tr. 24). The ALJ found that Plaintiff could lift and carry ten pounds, stand or walk for two hours in an eight- hour work day and sit for at least six hours in an eight-hour work day (Tr. 21). The ALJ also found that Plaintiff could perform tasks that did not require repetitive hand movements involving force (Tr. 21). Additionally, the ALJ found that Plaintiff had transferable skills, including basic report writing skills and knowledge of tools, repair procedures, and diagnostic testing (Tr. 22). Based upon this RFC, and the testimony of a vocational expert, the ALJ found that there existed work in the national economy that Plaintiff could perform, including the jobs of repair order clerk (D.O.T.# 221.382-022), maintenance dispatcher (D.O.T.# 239.367-014) and office clerk (D.O.T.# 238.367-034) (Tr. 23).

## Standard of Review

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is

supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

## **Law**

To be considered disabled and eligible for benefits, Plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1] *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232,

---

[1] The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in

3

236 (5th Cir. 1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If he successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in

> substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id*. §§ 404.1520(c), 416.920(c).
>
> Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id*. §§ 404.1520(d), 416.920(d).
>
> Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id*. §§ 404.1520(e), 416.920(e).
>
> Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id.*; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## Analysis

Plaintiff identifies three issues for this appeal:

1. Whether the Commissioner failed to meet his burden of establishing that there was other work available in the national economy that Plaintiff could perform.

2. Whether the ALJ committed reversible error in failing to state reasons for rejecting the opinion of Plaintiff's treating chiropractor.

3. Whether the ALJ's credibility determination is supported by substantial evidence.

Pl.'s Br. 1.

*Issue One*

Plaintiff first argues that the VE mischaracterized his past relevant work. Pl.'s Br. 10-13. Plaintiff claims though he consistently described his past relevant work, which was more consistent with the job of a "mechanic helper" (SVP 3, semi-skilled), the VE mischaracterized it as a "mechanic" (SVP 7, skilled). Pl.'s Br. 11-13.

A "Disability Report" dated August 11, 2003, indicates Plaintiff reported his only past work included a job as a mechanic in a school system bus shop (Tr. 85). During the administrative hearing, Plaintiff testified he worked 23 years as a school bus mechanic (Tr. 255). The VE testified that notwithstanding his inability to perform his past work, Plaintiff could

5

perform other sedentary jobs to which his transferable skills would apply (Tr. 260-66). This work included jobs as a repair order clerk, maintenance dispatcher and office clerk (Tr. 260-61). The VE testified that these were SVP 3 jobs which were all "just one notch above unskilled work" (Tr. 262).

The Court finds the VE's characterization of Plaintiff's past work was consistent with Plaintiff's testimony, which indicated that he worked as a school bus mechanic for 23 years. And, notwithstanding Plaintiff's additional testimony that he did very little "paper writing" and no diagnostics on his last job, the VE opined that certainly within a period of over twenty years Plaintiff would have acquired the minimal skills required to perform an SVP 3 job (Tr. 262). Therefore, any error committed by the VE in identifying the skill level of Plaintiff's past work was harmless because Plaintiff failed to meet his burden of proving he could not perform the other work proffered by the VE.

Next Plaintiff argues the VE's testimony regarding the amount of fingering and handling required for the alternative jobs was at odds with the Dictionary of Occupational Titles ("DOT"). Pl.'s Br. 13-16. Plaintiff further charges the ALJ failed to resolve the conflict. Again, I find that any error committed by the VE was harmless.

The ALJ determined that Plaintiff had the RFC to lift and carry 10 pounds, sit for at least 6 hours in an 8-hour workday and stand or walk for 2 hours in an 8-hour workday (Tr. 23). He further found Plaintiff could perform tasks that did not require "repetitive" hand movements (Tr. 23). The VE testified that none of the alternative jobs required repetitive hand movements in the sense of assembly line type work (Tr. 261). The VE said the alternative jobs required no more than "occasional handling" that would be done on an "intermittent" basis (Tr. 261, 263-64). The VE also said these jobs would only entail fingering for "25 to 50 percent" of the time, but would

6

not be considered "repetitive . . . like a production type situation."

The Court has reviewed the descriptions for each alternative job as presented in the DOT. And, notwithstanding the VE's failure to properly state that these jobs involve "frequent" and/or "occasional" handling and fingering, this does not change the validity of his testimony that none of the jobs required fingering and handling on a "repetitive" basis. This is the testimony that the ALJ relied on in making his determination that Plaintiff could perform other work. Thus, because Plaintiff failed to show that he could not perform the alternative jobs proffered by the VE, no reversible error was committed.

*Issue Two*

Plaintiff next challenges that the ALJ committed reversible error by failing to express any reasons for "rejecting" the opinion of Dr. Veal, Plaintiff's treating chiropractor. Pl.'s Br. 16. Dr. Veal's notes dated June 23, 2003, indicate that Plaintiff could not bend, stand, walk or sit for extended periods (Tr. 170). He treated Plaintiff mainly from May 21, 2003, until June 25, 2003 (Tr. 156-59).

As an initial matter, Dr. Veal is a chiropractor, and "the relevant regulations accord less weight to chiropractors than to medical doctors." *Castillo v. Barnhart*, 151 Fed. App'x 334, 335 (5th Cir.2005); 20 C.F.R. §§ 404.1513(d)(1), 404.1527(d)(5). For this reason alone, the ALJ was not required to give controlling weight to Dr. Veal's opinion. *Castillo*, 151 Fed App'x at 335. Moreover, the Fifth Circuit has declined to adopt the rule followed in the Third Circuit "that an ALJ must articulate specifically the evidence that supported his decision and discuss the evidence that was rejected." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). For these reasons and because substantial evidence of record supports the ALJ's RFC finding, the Court finds no reversible error was committed.

*Issue Three*

Lastly, Plaintiff contends the ALJ's credibility determination is not based on substantial evidence. Pl.'s Br.17-18. The ALJ determined that Plaintiff's allegations regarding his limitations were "not totally credible" (Tr. 23).

It is well settled that an ALJ's credibility findings on a claimant's subjective complaints are entitled to deference. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir.2001); *Scott v. Shalala*, 30 F.3d 33, 35 n. 2 (5th Cir.1994). Additionally, the Fifth Circuit recognizes that "the ALJ is best positioned" to make these determinations because of the opportunity to observe the claimant first-hand. *See Falco v. Shalala*, 27 F.3d 160, 164 n. 18 (5th Cir. 1994). The Court has reviewed the evidence the ALJ presented in support of his credibility determination and finds that it is sufficient. The record simply suggests that the ALJ found the medical evidence regarding Plaintiff's limitations more persuasive that Plaintiff's own testimony.

## **Conclusion**

Based on the foregoing, the decision of the Commissioner should be affirmed.

**THIS**, the 30th day of March, 2007.

                                                 **/s/ Eugene M. Bogen**
                                                 **U. S. MAGISTRATE JUDGE**